PRISONER'S CIVIL RIGHTS COMPLAINT (Rev. 07/2021)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE __________ DISTRICT OF TEXAS**
**__________ DIVISION**

United States Courts
Southern District of Texas
FILED

APR 27 2022

Nathan Ochsner, Clerk of Court

Christopher Wanek # 126344
Plaintiff's Name and ID Number

Brazoria County Detention Center
Place of Confinement

CASE NO.__________
(Clerk will assign the number)

v.

Brazoria County / 111 E. Locust Angleton, Tx 77515
Defendant's Name and Address

Judge Terry Holder of 149th Judicial Court / 111 E. Locust Angleton, Tx 77515
Defendant's Name and Address

D.A. Travis Townsely of 149th Judicial Court / 111 E. Locust Angleton, Tx 77515
Defendant's Name and Address
(DO NOT USE "ET AL.")

---

**INSTRUCTIONS - READ CAREFULLY**

**NOTICE:**

**Your complaint is subject to dismissal unless it conforms to these instructions and this form.**

1. To start an action you must file an original and one copy of your complaint with the court. You should keep a copy of the complaint for your own records.

2. Your complaint must be legibly handwritten, in ink, or typewritten. You, the plaintiff, must sign and declare under penalty of perjury that the facts are correct. If you need additional space, **DO NOT USE THE REVERSE SIDE OR BACK SIDE OF ANY PAGE.** ATTACH AN ADDITIONAL BLANK PAGE AND WRITE ON IT.

3. You must file a separate complaint for each claim you have unless the various claims are all related to the same incident or issue or are all against the same defendant, Rule 18, Federal Rules of Civil Procedure. Make a short and plain statement of your claim, Rule 8, Federal Rules of Civil Procedure.

4. When these forms are completed, mail the original and one copy to the clerk of the United States district court for the appropriate district of Texas in the division where one or more named defendants are located, or where the incident giving rise to your claim for relief occurred. If you are confined in the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID), the list labeled as "VENUE LIST" is posted in your unit law library. It is a list of the Texas prison units indicating the appropriate district court, the division and an address list of the divisional clerks.

**FILING FEE AND *IN FORMA PAUPERIS* (IFP)**

1. In order for your complaint to be filed, it must be accompanied by the statutory filing fee of $350.00 plus an administrative fee of $52.00 for a total fee of **$402.00**.

2. If you do not have the necessary funds to pay the fee in full at this time, you may request permission to proceed *in forma pauperis*. In this event you must complete the application to proceed *in forma pauperis*, setting forth information to establish your inability to prepay the fees and costs or give security therefor. You must also include a current six-month history of your inmate trust account. If you are an inmate in TDCJ-CID, you can acquire the application to proceed *in forma pauperis* and the certificate of inmate trust account, also known as *in forma pauperis* data sheet, from the law library at your prison unit.

3. The Prison Litigation Reform Act of 1995 (PLRA) provides "... if a prisoner brings a civil action or files an appeal *in forma pauperis*, the prisoner shall be required to pay the full amount of a filing fee." *See* 28 U.S.C. § 1915. Thus, the court is required to assess and, when funds exist, collect, the entire filing fee or an initial partial filing fee and monthly installments until the entire amount of the filing fee has been paid by the prisoner. If you submit the application to proceed *in forma pauperis*, the court will apply 28 U.S.C. § 1915 and, if appropriate, assess and collect the entire filing fee or an initial partial filing fee, then monthly installments from your inmate trust account, until the entire $350.00 statutory filing fee has been paid. (The $52.00 administrative fee does not apply to cases proceeding *in forma pauperis*.)

4. If you intend to seek *in forma pauperis* status, do not send your complaint without an application to proceed *in forma pauperis* and the certificate of inmate trust account. Complete all essential paperwork before submitting it to the court.

**CHANGE OF ADDRESS**

It is your responsibility to inform the court of any change of address and its effective date. Such notice should be marked **"NOTICE TO THE COURT OF CHANGE OF ADDRESS"** and shall not include any motion for any other relief. Failure to file a NOTICE TO THE COURT OF CHANGE OF ADDRESS may result in the dismissal of your complaint pursuant to Rule 41(b), Federal Rules of Civil Procedure.

I. PREVIOUS LAWSUITS:

A. Have you filed *any* other lawsuit in state or federal court relating to your imprisonment? ✓ YES ___ NO

B. If your answer to "A" is "yes," describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, giving the same information.)

1. Approximate date of filing lawsuit: March 21, 2022
2. Parties to previous lawsuit:
   Plaintiff(s) Christopher Charles Wanck #126344
   Defendant(s) Brazoria County
3. Court: (If federal, name the district; if state, name the county.) Southern District Texas / Galveston Div
4. Cause number: 3:22-cv-00091
5. Name of judge to whom case was assigned: Judge Jeffrey V. Brown
6. Disposition: (Was the case dismissed, appealed, still pending?) still pending
7. Approximate date of disposition: N/A

II. PLACE OF PRESENT CONFINEMENT: Brazoria County Detention Center

III. EXHAUSTION OF GRIEVANCE PROCEDURES:

Have you exhausted all steps of the institutional grievance procedure? ___YES ✓ NO

Attach a copy of your final step of the grievance procedure with the response supplied by the institution.

IV. PARTIES TO THIS SUIT:

A. Name and address of plaintiff: Christopher Wanek # 126344
Brazoria County Detention Center / 3602 County Rd. 45 Angleton, Tx 77515

B. Full name of each defendant, his official position, his place of employment, and his full mailing address.

Defendant #1: Brazoria County
111 E. Locust Angleton, Tx 77515

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.
Civil Rights Violation / See Attached Claim

Defendant #2: Judge Terry Holder of 149th Judicial Court
111 E. Locust Angleton, Tx 77515

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.
Civil Rights Violation / See Attached Claim

Defendant #3: D.A. Travis Townsely of 149th Judicial Court
& 111 E. Locust Angleton, Tx 77515

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.
Civil Rights Violation / See Attached Claim

Defendant #4: John Allen & Associates (Detention Center Med. Staff)
3602 County Rd. 45 Angleton, Tx 77515

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.
Medical Documentation of injuries suffered & treated after being bound & Gagged in court

Defendant #5: Sgt. Jasso / Detention Center Staff
3602 County Rd. 45 Angleton, Tx 77515

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.
Tok me to medical for treatment / took pictures

V. STATEMENT OF CLAIM:

State here in a short and plain statement the facts of your case, that is, what happened, where did it happen, when did it happen, and who was involved. Describe how each defendant is involved. You need not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach extra pages if necessary, but remember the complaint must be stated briefly and concisely. IF YOU VIOLATE THIS RULE, THE COURT MAY STRIKE YOUR COMPLAINT.

See Attached Claim

VI. RELIEF:

State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.

1) Asking Court/Brazoria County to dismiss charges: F1 Poss. Control Substance
2) Brazoria County grant $4,000,000 for physical and mental suffering through cruel and unusual punishment in court, while in custody/incarceration.

VII. GENERAL BACKGROUND INFORMATION:

A. State, in complete form, all names you have ever used or been known by including any and all aliases.

Christopher Charles Wanck

B. List all TDCJ-CID identification numbers you have ever been assigned and all other state or federal prison or FBI numbers ever assigned to you.

#126344

VIII. SANCTIONS:

A. Have you been sanctioned by any court as a result of any lawsuit you have filed? ____YES ✓ NO

B. If your answer is "yes," give the following information for every lawsuit in which sanctions were imposed. (If more than one, use another piece of paper and answer the same questions.)

1. Court that imposed sanctions (if federal, give the district and division): N/A
2. Case number: N/A
3. Approximate date sanctions were imposed: N/A
4. Have the sanctions been lifted or otherwise satisfied? ____YES ____NO

C. Has any court ever warned or notified you that sanctions could be imposed? _____YES ✓ NO

D. If your answer is "yes," give the following information for every lawsuit in which a warning was issued. (If more than one, use another piece of paper and answer the same questions.)

1. Court that issued warning (if federal, give the district and division): N/A
2. Case number: N/A
3. Approximate date warning was issued: N/A

Executed on: 04/20/2022
DATE

Christopher Wanek #126344
[signature]
(Signature of Plaintiff)

**PLAINTIFF'S DECLARATIONS**

1. I declare under penalty of perjury all facts presented in this complaint and attachments thereto are true and correct.
2. I understand, if I am released or transferred, it is my responsibility to keep the court informed of my current mailing address and failure to do so may result in the dismissal of this lawsuit.
3. I understand I must exhaust all available administrative remedies prior to filing this lawsuit.
4. I understand I am prohibited from bringing an *in forma pauperis* lawsuit if I have brought three or more civil actions or appeals (from a judgment in a civil action) in a court of the United States while incarcerated or detained in any facility, which lawsuits were dismissed on the ground they were frivolous, malicious, or failed to state a claim upon which relief may be granted, unless I am under imminent danger of serious physical injury.
5. I understand even if I am allowed to proceed without prepayment of costs, I am responsible for the entire filing fee and costs assessed by the court, which shall be deducted in accordance with the law from my inmate trust account by my custodian until the filing fee is paid.

Signed this 20th (Day) day of April (month), 20 22 (year).

Christopher Wanek #126344
[signature]
(Signature of Plaintiff)

**WARNING: Plaintiff is advised any false or deliberately misleading information provided in response to the above questions may result in the imposition of sanctions. The sanctions the court may impose include, but are not limited to, monetary sanctions and the dismissal of this action with prejudice.**

# 1983 Civil Rights Complaint

Prisoner: Christopher Charles Wanek #126344

Brazoria County Detention Center

1) Brazoria County / Officials denied and/or delayed appropriate treatment to an incarcerated / in custody person suffering from avoidable pain, violating my 8th Amendment right to be free of cruel + unusual punishment. (42 U.S.C. § 1983).

- (Howell v. Wexford Health Services Inc., 987 F.3d 647 (7th Cir. 2021)).
- (Estelle v. Gamble, 429 U.S. 97, 103-04, 97 S. CT. 285, 50 L. Ed. 2d. 56 (1976)).

Section 1983 grants a private right of action against a "person" who acts under color of state law to deprive another of rights under federal law, including the Constitution. A key part of 1983's doctrinal structure is the difference between individual v government liability.

2) I Christopher Wanek present this writ of Habeaus Corpus, my fundamental right for safeguarding my Freedom against my will and lawless State action. (Harris v. Nelson, 394 U.S. 286, 291 (1969)). My liberty is being illegally withheld from me by the government, that is having me illegally detained against my will and in violation of my constitutional rights to Due Process. The premise that I did not receive a constitutionally fair trial and was, therefore imprisoned unlawfully.

3) My 8th Amendment right to be free of cruel and unusual punishment (42 U.S.C § 1983) was violated when Judge Terry Holder of Brazoria County 149th Judicial Court silenced my attempt to exercise my 1st Amendment right to speak for myself towards the end of my trial by jury during closing arguements. Because the court and the D.A. Travis Townsely didn't like how I chose to stand up for my rights that Judge Terry Holder ordered silentencing me through aquiring bluish/green duct tape from her quarter's and having me bound by handcuffs along with gagging by wrapping the duct tape around my neck tightly/covering my mouth. One of the most precious rights afforded an accused is the right to be tried before an impartial jury with the presumption of innocence fully intact and free of prejudice and free of cruel and unusual punishment of innocence, not violating my Constitutional Rights to Due Process. No accused should ever be subjected to cruel and unusual punishment through physical restraints of any kind in the courtroom while in the jury's presence, unless there is a showing of "exceptional circumstances" or a "manifest need" for such restraints. (Gray v. State, 99 Tex. Crim. R. 305, (1924)). By Judge Terry Holder ordering the use of such restraints, the jury may infer that the trial judge, through the use of cruel and unusual punishment violating my 8th Amendment right, has expressed the opinion that the accused is a dangerous person and is not to be trusted. (Illinois v. Allen, 397 U.S. 337, 90 S. Ct. 1057, 25 L. Ed. 2d 353 (1970)). And because of being bound and gagged in front of a jury of my peers, I physically started feeling nausea, panic attacks, shortness of breath/hyperventilating to the point of passing out and collapsing crying trying to breeth after being forced a sentence of 10 years. Still silenced in front of the jury, watching my incompetant court appointed attorney stand by silent saying nothing in my defense while D.A. Travis Townsely defamed me in front of the jury and court. Also because of the rough handling of being

bound and gagged in front of the jury in a cruel and unusual manner, I sustained cuts/bruising from the tightness of the handcuffs along with amounts of adhesive on my neck, mouth, and hair from the tightness of the duck tape forced onto my person which violated my 8th Amendment right to be free of cruel and unusual punishment. Because of these violations I suffered physical trauma which Sgt. Jasso of Brazoria County Detention Center escorted me to recieve and witness medical treatment through the care of John Allen + Associates medical care along with taking pictures. I am just now learning how to recognize the mental and physical effects from this cruel and unusual treatment forced upon me in Brazoria County's 149th Judicial Court through Judge Terry Holders binding and gagging order and its future mental PTSD effects to come.

Respectfully,

Christopher Charles Wanek #126344

Christopher Wanek